# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NATIONWIDE TOWER CO. | ) | CASE NO. 05-40689 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

The above-styled case comes before the Court on the Chapter 7 Trustee's Amended Partial Objection to the Secured Claim of Independence Bank ("Bank"). In the objection, the Trustee contends that due to a perfection error, the Bank holds only an unperfected security interest on a promissory note ("Note"), dated January 3, 2005, in the amount of $200,000.00 executed by National Tank & Tower Company, Inc. to the debtor, Nationwide Tower Company. Under 11 U.S.C. § 544, the Trustee asserts that she has a superior interest in the Note over the Bank.

In its response, the Bank does not contest the perfection issue but contends the Trustee previously abandoned her interest in the Note under the terms of an Agreed Order to Terminate Automatic Stay and for Abandonment of Property ("Agreed Order of Abandonment") entered on November 7, 2005. The Bank contends the Agreed Order of Abandonment specifically referenced the collateral described in the loan documents, which were attached to the proof of claim. The loan documents include as collateral the Note referenced above. The Bank contends that the Trustee knew of the Note and knew of the proof of claim and its contents when she entered into the Agreed Order of Abandonment. Consequently, because the Trustee has abandoned her interest in the Note, she cannot use her strong arm powers to avoid their security interest.

In her reply, the Trustee argues the Agreed Order of Abandonment should not be read as broadly as the Bank contends. Instead, the Agreed Order of Abandonment should be read as only

including the debtor's business records, computers, and accounts receivables, and not the property described in the loan documents, including the Note. Alternatively, the Trustee argues that her abandonment should be set aside under the equitable principles as set forth in this Court's opinion, In re Brinley, 347 B.R. 613 (Bankr. W.D. Ky. 2006). To this end, the Trustee also filed a Motion to Set Aside Agreed Order of Abandonment, arguing that if the Court concludes the Agreed Order of Abandonment includes the Note in question, the Agreed Order should be set aside as the Bank would receive a windfall, at the expense of the general unsecured creditors. She further contends there has been no reliance on the Agreed Order of Abandonment and that the Bank would not be prejudiced by setting it aside.

The Bank objected to the Trustee's Motion to Set Aside. The Bank correctly points out that this Court's Brinley decision concerned a technical abandonment, as opposed to an agreed order of abandonment. The Bank contends that because this asset was properly listed and that the Trustee knew or should have known what assets were being abandoned in the Agreed Order of Abandonment, there is no justification to support setting aside the Agreed Order of Abandonment. Furthermore, the Bank contests the Trustee's allegation that it will receive a windfall. Finally, the Bank contends that it would be prejudiced by setting aside the Agreed Order of Abandonment in that it relied upon this order in negotiating and arriving at a settlement in a related adversary proceeding.

It is clear the objection to claim issue is directly tied into the abandonment issue. To that end, the Court must first determine whether the Agreed Order of Abandonment included the Note in question. If not, the Trustee's objection to claim may be sustained and the Trustee may use her strong arm powers to assert a superior interest in the Note. However, if the Agreed Order of Abandonment did include the Note, the question then turns to whether that order may be set aside.

With respect to the first issue, whether the Agreed Order of Abandonment included the Note in question, the Court turns to the specific provisions of the order. The Court entered the Agreed Order of Abandonment on November 7, 2005, and the first two paragraphs of that order provided as follows:

> Comes Independence Bank, a secured creditor, and Nationwide Tower Company, debtor, by their respective counsel, and having advised the court that the debtor does not wish to redeem or reaffirm said indebtedness to said creditor on the collateral described in the loan documents, copies of which are attached to creditor's Proof of Claim filed herein, that said creditor has a valid security interest in said collateral, that the debtor has no equity therein, that the Trustee has abandoned her interest therein, and the court being otherwise fully and sufficiently advised,
>
> IT IS HEREBY ORDERED that the automatic stay imposed by 11 U.S.C. §362 be and is hereby modified in all respects as against Independence Bank, its successors and assigns; and that the Trustee's interest in the subject property, including the debtor's business records and the computers on which such information is stored, is abandoned, so that creditor can proceed with enforcement of its state court remedies.

Thus the question turns to whether the Note is part of "the collateral described in the loan documents," which were attached to the Bank's proof of claim. Beginning on page 4 of the proof of claim is a copy of the Bank's Commercial Security Agreement. Under the "Property Description" section, every category of property has been checked, including "instruments and chattel paper." That document goes on to define "instruments and chattel paper" as "[a]ll instruments, including negotiable instruments and promissory notes and any other writings or records that evidence the right to payment of a monetary obligation, and tangible and electronic chattel paper." It would appear to the Court that the Note in question certainly falls within this broad description.

The Trustee argues the Agreed Order of Abandonment is limited to only the debtor's

business records, computers and accounts receivable. This argument fails for a number of reasons. First, the first paragraph cited refers to collateral described in the loan documents. Second, with respect to the "Order" part of the Agreed Order of Abandonment it refers to the "subject property" being abandoned, a reference back to the collateral described in the first paragraph. The items described by the Trustee following the term "including" are merely specific example of property previously described. In short, the Agreed Order of Abandonment did include the Note. Now the Court must turn to the question of whether that order should be set aside.

From a procedural prospective, the Trustee refers to Fed. R. Bank. P. 9024 (Fed. R. Civ. Proc. 60(b)) as grounds for setting aside the Agreed Order of Abandonment. Rule 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

It is the Trustee's contention that her actions in abandoning this asset constitute mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). To support this argument, the Trustee claims that the "vagaries and inconsistencies" of the Agreed Order of Abandonment and/ or its "lack of clarity" support her 60(b)(1) argument. This Court rejects the Trustee's characterization that the Agreed Order of Abandonment was vague, inconsistent, or lacked clarity. Indeed, notwithstanding a reference to other documents, the language is quite clear. While not fully reading or understanding the terms of the agreed order could certainly constitute neglect, it does not

4

establish excusable neglect as required by Rule 60(b)(1).

The Trustee appears to be asking this Court to set aside the Agreed Order of Abandonment simply because it will benefit the general unsecured creditors, citing this Court's Brinley decision and equity as justification. The Trustee's reliance on Brinley is misplaced. As the Bank correctly observed, Brinley dealt with a technical abandonment, which is effectuated by the closing of a case, rather than an agreed order of abandonment. Secondly, this Court went to great pains to stress in the Brinley decision that its decision "should not be read by the Trustee or any other party as permission or authority to recklessly examine the Debtor's assets." As discussed in Brinley, there is a policy of finality associated with any abandonment, which should not be discarded simply because the Trustee later learns the abandoned property possessed value to the bankruptcy estate. As such, the "revocation of abandonments will be allowed only in those extraordinary situations where the provisions of Fed. R. Bank. P. 9024 are met and the equities dictate that the abandonment be set aside." Brinley at 619(citations omitted).

In addition to the policy of finality referenced above, the Court finds that the Bank would be prejudiced by setting aside the Agreed Order of Abandonment at this time. As mentioned above, the Agreed Order of Abandonment was entered on November 7, 2005. The Trustee did not object to the Bank's claim until September 15, 2006, and did not move to vacate the Agreed Order of Abandonment until November 7, 2006. For over a year, the Bank has operated in the belief that the property described in the Agreed Order of Abandonment was indeed abandoned. In reliance upon the terms of the Agreed Order of Abandonment, the Bank negotiated a settlement in the related adversary Independence Bank v. Herman J. Johnston, A.P. No. 05-4101. To now set aside the Agreed Order of Abandonment would completely undermine the Bank's efforts in the adversary.

5

The Court will next address the Trustee's argument that it should not enforce the Agreed Order of Abandonment because Fed. R. Bank. P. 6007 was not complied with in that all parties were not put on notice of the proposed abandonment. The Court finds this argument strange in that the notice provided was sufficient so long as the abandonment benefited the estate. When the Trustee learned of the negative consequences of the abandonment, however, then the notice became insufficient. The Trustee goes on to state that had the other parties been put on notice, one of the other creditors might have objected to the Agreed Order of Abandonment. While this certainly may be true, what is definitely true is that the Bank operated under the belief that the Agreed Order of Abandonment was a valid, binding order for a year. All the parties that the Trustee may be referring to were aware of the contents of the docket in this case, knew of the existence of the Agreed Order of Abandonment, yet not one chose to act to address this issue. Indeed, to this date, no other party has filed a pleading in support of the Trustee's position. Under these circumstances, the Court will not and cannot "turn back time" and try to put the parties in the same position as of November, 2005.

Finally, the Court will address an issue not raised by the parties. When the Trustee abandoned the estate's interest in the Note to the Bank, she took the position that the Bank held a properly perfected security interest in this collateral. The Trustee now claims the security interest is not properly perfected, in essence a position completely opposite from her earlier position. There is a doctrine in the law that precludes parties from taking opposite positions within the case. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Judicial estoppel is

6

designed to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 749-50, 121 S.Ct. 1808 (citations and internal quotation marks omitted). The Sixth Circuit Court of Appeals "has previously described judicial estoppel as a rule against 'playing fast and loose with the courts,' 'blowing hot and cold as the occasion demands,' or 'hav[ing] [one's] cake and eat[ing] it too.' " Lewis v. Weyerhaeuser Co., 141 Fed.Appx. 420, 424 (6th Cir.2005) (quoting Reynolds v. Comm'r, 861 F.2d 469, 472 (6th Cir.1988)).

Judicial estoppel is an "equitable doctrine" to be "invoked by a court at its discretion," and there are no "inflexible prerequisites" or "exhaustive formula[s]" for determining its applicability. New Hampshire, 532 U.S. at 750-51, 121 S.Ct. 1808. To invoke judicial estoppel, a party must assert a position that is contrary to one that the party has previously asserted, and the court must have adopted the previous position. Browning v. Levy, 283 F.3d 761, 775 (6th Cir.2002) (quoting Teledyne Indus., Inc., v. NLRB, 911 F.2d 1214, 1218 (6th Cir.1990)). It appears to this Court that these two requirements are met based upon the uncontested facts in this case. The Trustee is now asserting a position, that the Note has value to the estate, that is contrary to the previous position she took in the Agreed Order of Abandonment. Judicial estoppel generally precludes such "flip-flopping" of positions.

In summary, this Court concludes that the unambiguous language in the Agreed Order of Abandonment included the Note in question and that the Trustee has failed to plead circumstances which would warrant setting aside the Agreed Order of Abandonment. Accordingly, the Court shall enter an Order this same date consistent with the holding of this Memorandum.

7

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NATIONWIDE TOWER CO. | ) | CASE NO. 05-40689 |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | |
| _____ | ) | |

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Trustee's Amended Partial Objection to the Secured Claim of Independence Bank is **OVERRULED**.

**IT IS FURTHER ORDERED** the Trustee's Motion to Set Aside Agreed Order of Abandonment is **OVERRULED**.